■　In the Matter of the Claim of MICHAEL LUKACINA, Appellant, v. JOHN E. SMITH et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workmen's Compensation Board, filed March 13, 1968 and July 18, 1969. The sole issue presented on this appeal is whether the board's determination that a 1947 case was barred by sections 123 and 25-a of the Workmen's Compensation Law should be upheld. Claimant suffered a back injury in February, 1947 and a lump sum nonscheduled adjustment was approved by the board on July 11, 1951, which, when projected, would extend the last payment of compensation to March 13, 1958. It was further found by the board at such time that claimant had a 75% earning capacity and a 25% disability. Claimant sustained a second compensable injury to his back in 1961, and a third in 1962. A board decision dated December 13, 1965 subsequently awarded claimant $40 per week reduced earnings on the basis of a 50% earning capacity. On March 13, 1968 apportionment was fixed by the board so as to allocate 50% to the 1947 accident, 20% to the 1961 accident and 30% to the 1962 accident. In a supplemental decision of July 18, 1969 the board discharged both the carrier and Special Fund of liability in the 1947 case pursuant to sections 123 and 25-a of the Workmen's Compensation Law, with a result that claimant's award for reduced earnings was reduced to $20 per week. The board's determination that 50% of claimant's over-all 50% disability was due to the 1947 accident agrees with its finding of 25% disability when the case was closed in 1951. It is clear that the medical report relied upon by claimant as an application to reopen the 1947 case, although dated June 1, 1964, was not submitted to the board until January 11, 1967. Moreover, only where a report gives notice to the board of a change in claimant's condition can such report constitute an application to reopen where no formal application is made by claimant. (*Matter of Zafuto* v. *Knowles-Fisher Corp.,* 39 A D 2d 987, 988.) As there is no evidence in the present record of a change in claimant's condition or degree of disability resulting from the 1947 accident, we conclude that the board's determination is supported by substantial evidence and should be upheld. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.